UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20426-ALTONAGA/REID

UNITED STATES OF AMERICA,

v.

CELIA PAULA GONZALEZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

    This matter is before the Court upon the Honorable Cecilia M. Altonaga's Order of Referral [ECF No. 27], to conduct a Change of Plea Hearing for Defendant Celia Paula Gonzalez in this case. The Court having conducted the Change of Plea Hearing on February 27, 2025, to determine whether Defendant has knowingly and voluntarily entered a guilty plea, **RECOMMENDS** that Defendant's change of plea be accepted for the following reasons:

    1.    The Court convened a hearing to permit Defendant to enter a change of plea. At the outset of the hearing, Defendant was advised of her right to have these proceedings conducted by the district judge assigned to her case. Additionally, it was explained that the district judge assigned to this case would be the sentencing judge and conduct the sentencing hearing, and would make all findings and rulings concerning Defendant's sentence, and decide whether to accept the Government's recommendations as to sentencing.

    2.    Defendant was informed that she did not have to permit a federal magistrate judge to conduct the Change of Plea Hearing and could request that the Change of Plea Hearing be conducted by the district judge assigned to the case. Defendant, her attorney, and the Government all consented on the record to the Undersigned conducting the hearing.

3. Further, the Undersigned inquired into whether Defendant had ever been treated for mental health or addiction issues, and whether she was under the influence of any prescribed or proscribed substances at the time of the Hearing. She denied any mental health or addiction issues and stated she was able to fully understand the proceedings. Based on Defendant's responses to these inquires, the Court determined Defendant was competent and able to fully understand the proceedings.

4. The Court conducted a plea colloquy in accordance with Fed. R. Crim. P. 11.

5. The parties have not entered into a written plea agreement in this case.

6. Defendant pleaded guilty to the Indictment, which charges Defendant with three counts of Wire Fraud in violation of Title 18, United States Code, Section 1343.

7. The Government stated on the record a factual basis for the entry of the plea that included all essential elements of the offenses to which Defendant is pleading guilty and any sentencing enhancement and/or aggravating factors that may be applicable. Specifically, the Court reviewed with Defendant the Government's factual proffer, to assure that a factual basis for the entry of the plea exists. Defendant assented to the accuracy of the proffer and acknowledged her participation in the offense.

8. Further, the Court reviewed with Defendant the possible maximum penalties for the charged offenses. Defendant acknowledged that she understood these possible penalties. Defendant was advised that the Court may impose a statutory maximum term of imprisonment of twenty (20) years, followed by a term of supervised release of up to three (3) years. The Court also advised Defendant that in addition to a term of imprisonment and supervised released, the Court may impose a fine of up to $250,000. Defendant acknowledged that a special assessment in the amount of $100 will be imposed.

9. The Defendant acknowledged that she had reviewed the Indictment, discussed the charges against her with her attorney, was satisfied with the legal representation she received, and had a full opportunity to discuss the facts of the case with her attorney.

10. Based upon the foregoing and the plea colloquy conducted by the Court, it is recommended that Defendant be found to have freely and voluntarily pleaded guilty to Counts I, II, and III of the Indictment and that Defendant be adjudicated guilty of the offenses charged.

11. A pre-sentence investigation report is being prepared. Sentencing will be set before Chief U.S. District Judge Cecilia M. Altonaga.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's guilty plea be accepted, Defendant be adjudicated guilty of the charges in the Indictment to which she has entered a plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

Objections to this Report may be filed with the district judge within **five** (5) days of receipt of a copy of the Report. Failure to timely file objections waives a party's right to review issues related to the Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals. *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 27th day of February, 2025.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **Chief United States District Judge Cecilia M. Altonaga;**

**All Counsel of Record**